# SUPREME COURT

### OF

# PENNSYLVANIA.

## Middle District, July Term, 1809.

1809.
*Sunbury,
Saturday,
July 8.*

M‘KEE and others *against* STRAUB and others.

THIS was an appeal from the decision of BRACKEN-
RIDGE J. at a circuit court for *Dauphin* in *October* 1806.

The plaintiffs, who were entitled to an estate for the life of
one *Oliver Ramsey* in certain lands of which he was tenant
by the curtesy, brought a writ of partition against *Straub*
who was tenant of the freehold in common with them, and
joined with him as defendants two others who were merely
tenants for years or at will under *Straub*. Issue was joined
on the plea of " *non tenent insimul*," and before trial, *Straub*,
the only defendant having a freehold interest, died. The
cause was nevertheless tried in the Circuit Court, and a ver-
dict found for the plaintiffs. Motions were then made for a
new trial and in arrest of judgment, as well upon the ground
that the writ had abated, as upon other grounds arising from
the evidence; but the motions were overruled by his Honour,
and the defendants appealed. The following reason for the
appeal was alone noticed in the judgment of the court, al-
though others were assigned, and pressed in the argument.

" That the statute of 31 *Henry* VIII. gives the writ of *par-
" titione facienda* to and against tenants of the freehold only.

*The statute of
8 & 9 William
3. c. 31. concern-
ing partitions,
does not extend
to this state.*

*One of three
defendants in a
writ of parti-
tion was tenant
of the freehold,
and died after
action brought
and before trial;
the other two
were his tenants
for years or at
will. Held that
the writ was
abated by his
death; and if
not, the sur-
vivors were en-
titled to a ver-
dict upon the
plea of non tenent
insimul.*

*Vide act of April
7, 1807. 8 State
Laws 155.*

VOL. II.                    A

1809.

M'KEE
v.
STRAUB.

" That it was proved on the part of the plaintiffs, that they and
" *Andrew Straub* one of the defendants were tenants in com-
" mon of the freehold, and that the other defendants were
" tenants for years or at will under *Straub*, and not tenants of
" the freehold; the writ of *partitione facienda* cannot there-
" fore be prosecuted against them, nor can they be joined
" with the tenants of the freehold in the same action. That
" *Andrew Straub* one of the defendants, and the only party
" in interest, died before the trial; the writ therefore abated,
" and there cannot be a verdict or judgment against him."

It was argued at *July* term 1808.

*Fisher* for the defendants contended *first*, that as the only
defendant who had a freehold in the premises, died before
trial, the suit was abated. The writ of partition being a
real action, lies only against a tenant of the freehold; 16
*Viner* 236. *pl.* 16.; and therefore the interest of the sur-
viving defendants, even if it were competent to join them,
contributes nothing to the support of the action. But there
was no authority to join them. Between the parties to this
suit, there was no compulsory partition at common law; and
the only statute which applies to this case, and has at the
same time been extended to this country, is the 31 *H.* 8. *c.* 1.
which relates merely to tenants of the freehold. At the same
time it directs that the writ which it authorizes, shall be
pursued at common law; and therefore if it made a tenant
for years a good defendant to the writ, it would not help this
case, because at common law the death of one of the tenants
abates the writ. 16 *Viner* 232. *pl.* 3. But *secondly*, if the writ
is not abated, the defendants were entitled to a verdict. The
word " tenet" in a writ aways implies a freehold. *Co. Litt.*
167. *a.* The issue was that the parties did not hold, that is,
the freehold, together; and as to the defendants who survi-
ved, so was the fact. The legislature of this state have adopt-
ed the provisions of the 8 & 9 *W.* 3. *c.* 31. since the com-
mencement of this action; but there is nothing retrospective
in the act.

*Duncan* for the plaintiffs argued that the statute 8 & 9
*W.* 3. *c.* 31. was in force in *Pennsylvania*, having been

passed prior to the revolution, and followed upon many occasions. The third section of that statute provides that no plea in abatement shall be received in any suit for partition, nor shall the same be abated by the death of any tenant. This action is therefore not affected by the death of *Straub*, if it could have been maintained during his life; and it could have been maintained, because he was a good tenant of the freehold, and the joinder of the others was only matter of abatement. The act of *April 7th* 1807, 8 *St. Laws* 155, does not shew that the statute of *William* has not been extended here, for this can never be shewn by a mere legislative act; nor does the act include the provisions of that statute at full length; the selection of certain of its provisions does by no means shew that the whole had not previously been in force.

*Cur. adv. vult.*

On this day the judgment of the court was pronounced.

Tilghman C. J. The word "tenet" in a writ always implies a tenant of the freehold. *Co. Litt.* 167. *a.* The defendants were therefore entitled to a verdict, because it was proved that they were not tenants of the freehold.

It has been urged that the plaintiffs are entitled to a judgment, because by the stat. 8 & 9 *W.* 3. *c.* 31. the suit shall not abate by the death of any tenant. But the statute is out of the question, as it was made since the settlement of *Pennsylvania*, and does not extend here. I am therefore of opinion that judgment cannot be entered for the plaintiffs, inasmuch as it appears on the record that one of the defendants died since the commencement of the action.

Yeates J. It is a good ground for a new trial, that neither of the defendants who were living at the time of the trial, were tenants of the freehold. Unless this fact was proved, the plaintiffs did not shew themselves entitled to recover.

At common law a real action between co-parceners was abated by the death of any one of the parties, though it was admitted they were not co-parceners, but jointenants. *Cro. Car.* 574. 583. And if in partition, after the first judgment and before the second, one of the defendants dies, the writ

1809.

M'KEE
v.
STRAUB.

is abated, and the court will not suffer the return of the partition to be filed. Any judgment given against a dead person is erroneous. *Noy*, 145, 6.

The counsel for the plaintiffs put the reason in arrest of judgment on its true ground, viz. the extension of the *British* statute 8 & 9 *W.* 3. *c.* 31. 3 *Ruff. Stat.* 683. Now the members of this court in their report to the legislature at the last session, in pursuance of the duties enjoined on them, have not specified this act of parliament as having been extended by practice; and it is observable that our own act of assembly of 7th *April* 1807, 8 *St. Laws* 155, adopts many of its provisions; and particularly the 4th section of our act uses the very expressions of the *British* act, except that instead of the words " the death of any *tenant*," it substitutes " the " death of any *defendant*." But our act has no retrospective words, and, the trial being in *October* 1806, can have no operation. The *British* statute then not extending to us, it is conceded that the proceedings cannot be supported, and the judgment must be reversed.

Judgment reversed.